### In re GRAND RAPIDS R. CO.
No. 5940.

District Court, W. D. Michigan, S. D.
May 12, 1939.

Davies, Auerbach, Cornell & Hardy, of New York City, and Warner, Norcross & Judd, of Grand Rapids, Mich., for Irving Trust Co.

Knappen, Uhl, Bryant & Snow, of Grand Rapids, Mich., for temporary trustee and reorganized company.

RAYMOND, District Judge.

Exceptions have been filed by Irving Trust Company, as successor trustee under the indenture of first mortgage, to the eighth and final report of the special master. From this report it appears that the debtor's amended plan of reorganization has been fully consummated except for the delivery, exchange and distribution of certain unclaimed new securities.

The special master denied the petition of Irving Trust Company requesting that the undelivered securities distributable to holders of old bonds on behalf of whom it had filed a claim should be held in trust indefinitely for such holders or that such securities should be sold after a period of time and the proceeds placed in the custody of the clerk of the court for ultimate deposit in the Treasury of the United States, under 28 U.S.C. §§ 851, 852, 28 U.S.C.A. §§ 851, 852. In denying the petition, the special master found that debtor's petition for reorganization was filed and approved more than three months before the effective date of Chapter X of the Amended Bankruptcy Act, 11 U.S.C.A. § 501 et seq., and that sections 204 and 205 thereof are practicable and should be applied in this proceeding, in accordance with section 276, subdivision c(2) of said act. The special master in his report recommends that a period of seven years from and after the entry of final decree be fixed as the time within which the new securities must be claimed, at the expiration of which period the undelivered securities shall become the property of the reorganized debtor.

■ The first exception is to the finding of the special master that a former order, dated March 9, 1938, was approved by the court. If it is true, as urged by exceptor, that it was not, an order of approval and adoption of the order, nunc pro tunc, as of December 10, 1938, may be presented for signature.

■ The second exception is to the recommendation that the Irving Trust Company, after cremation of old bonds, shall execute in duplicate original an affidavit or certificate showing such cremation, and file one with the clerk of this court and deliver one to the reorganized debtor. The reason for the exception is stated to be that the clerk of the court may exact a fee for each successive filing and that the trustee has no funds applicable to the payment of such fee. In view of the fact that no filing fee is chargeable except upon filing of papers which involve joinder of issue, the exception is without merit.

■ The essence of the third exception is that the words "upon distribution" used in section 204 of Chapter X, 11 U.S.C.A. § 604, limit the right to declare a forfeiture of securities to the time of confirmation of a plan, but not subsequent thereto. These words cannot properly be given so narrow an application. Consideration of section 204, when read with paragraph (4) of section 224, 11 U.S.C.A. § 624(4), leads to the conclusion that the clear intent is to fix a period of limitation within which any such creditor or stockholder may claim his distributive share or interest, so that the rights to unclaimed funds and securities may be definitely terminated. It is urged that the unknown bondholders have vested rights in the securities and that to turn the unclaimed securities over to the reorganized debtor would result in the unjust enrichment of the known bondholders and destroy substantive rights in violation of the Fifth Amendment to the Constitution of the United States, U.S.C.A. It seems to the court that, in enacting section 204 of Chapter X, it was the clear intent of Congress to provide a limitation of not less than five years in respect to distribution and to fix a time within which security holders shall present or surrender their securities. The fact that this provision affects vested rights does not render it unconstitutional. The power of Congress to enact bankruptcy laws necessarily implies the power to affect vested rights of many kinds.

It follows that the exceptions to the report of the special master should be overruled. An order will be entered accordingly, and the final decree as proposed by the special master will be approved for entry.