In re SHERLAND BLDG. CORPORATION.

No. 2197.

District Court, N. D. Indiana, South Bend Division.

Nov. 10, 1939.

Vesey & Shoaff, of Fort Wayne, Ind., for debtor company.

O. E. Fuelber, of Fort Wayne, Ind., for petitioner, O. H. Sturgeon.

SLICK, District Judge.

This was a reorganization matter. The Sherland Building Corporation was a corporation incorporated under the laws of the State of Indiana, owning a large office building in the city of South Bend. A large number of bonds were issued on its property. They had been in default since 1932. Proceedings for reorganization were begun in 1935. In April, 1937, an order was made, a part of which reads as follows: "It is further ordered, adjudged and decreed that this case and the above entitled proceedings be, and the same are hereby closed. It is further ordered, adjudged and decreed that the Debtor be, and it hereby is discharged from all of its debts and liabilities."

Prior to the entry of this order, specifically on January 11, 1937, an order was entered confirming a plan of reorganization. This order was quite lengthy. Section 10 thereof provided that the debtor shall have full power and authority to put into effect and carry out the plan of reorganization subject to the supervision and control of the court. Section 25 provided that all First Mortgage Leasehold Gold bonds of the debtor shall be filed with the clerk on or before January 1, 1939, and that no claim·should be allowed unless filed before January 1, 1939, and no holder of bonds who shall have failed to file the same shall participate in the plan of reorganization. Section 27 provided that the debtor and all of its property shall be free and clear of all claims of creditors by reason of said bonds, and all such bonds were declared and adjudged to be null and void and of no further force or effect. Section 28 provided that all claims and demands against the debtor which have not been filed pursuant to an order theretofore made are perpetually and finally barred and foreclosed. Section 29 of the order of January 11, 1937, provided as follows: "This court retains jurisdiction over the assets of the debtor and over all persons appearing herein and generally over this cause, and reserves the right, on motion of the Debtor, or of any party or parties in interest, to enter any additional decree or decrees as fully and with the same effect as though the same were a part of this decree to the extent that in the opinion of this court may be necessary or expedient in order to give full effect to any of the provisions herein contained, or appropriate or equitable in this proceeding."

Petitioner asks leave of court to file two bonds of $500 each and seeks to invoke the provisions of Section 29 of the order entered January 11, 1937, and argues that the order of January, 1937, should be read together with the order of April, 1937, to extend the jurisdiction of the court to grant leave to file these additional bonds. Debtor takes the position that the order of April, 1937, which is the final order providing that the entire proceedings be and the same are hereby closed, deprives the court of any further jurisdiction in the matter.

If this court has jurisdiction to open this matter up and permit the filing of these bonds, the court would be inclined to do so in view of the showing that the petitioner had no actual notice of the pendency of the proceedings, and no actual notice of the rule requiring the deposit of bonds by January 1, 1939. However, the order entered in April, 1937, positively provides that the entire proceedings are closed

and that the debtor be discharged from all its debts and liabilities.

It would seem to me that this definitely closed the entire proceeding, and by it the court released entirely its jurisdiction, and that the matter cannot be opened up after the entry of such an order, except in a proper proceeding for fraud or possibly mistake. There is no allegation of mistake or fraud by the petitioner, and for that reason I am of the opinion that the jurisdiction of the court was ended with the entry of the order in April, 1937.

I am supported in this opinion by a provision in the law under 11 U.S.C.A. § 207, sub.h, which provides that upon confirmation of the plan, the debtor "shall be free and clear of all claims of the debtor, its stockholders and creditors, except such as may consistently with the provisions of the plan be reserved in the order confirming the plan."

There was no specific reservation in the final decree and it is the apparent purpose of 77B that there shall be a final determination of all claims, and that such final determination shall take place at the entry of the final decree terminating the cause and decreeing that the debtor shall be discharged from all its liabilities, except as the court may specifically reserve certain questions. The court having made no specific reservations in its final order and decree entered in April, 1937, this was a final determination, and of course if this is true, the jurisdiction of the court ended at that time.