## In re PEYTON REALTY CO. et al.

No. 8633.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 8, 1944.

Decided March 22, 1945.

As Amended April 20, 1945.

Thomas Raeburn White, of Philadelphia, Pa. (Wayland H. Elsbree, Richard C. Bull, and White & Staples, all of Philadelphia, Pa., on the brief), for appellants.

Robert Dechert, of Philadelphia, Pa. (H. Francis De Lone, Lucien B. Carpenter, and Barnes, Dechert, Price and Smith, all of Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and GANEY, District Judge.

GANEY, District Judge.

This was a proceeding to reorganize the Peyton Realty Company, a corporation owning a large office building in Philadelphia, under Section 77B of the Bankruptcy Statute, 11 U.S.C.A. § 207. The debtor (Peyton Realty Company) defaulted in the payment of interest on its bonds on December 1, 1931, and on July 3, 1934, these proceedings were instituted. On November 17, 1936, a plan of reorganization providing for the formation of a new corporation, was confirmed, to which all the assets of the debtor were to be transferred in consideration of the exchange by the new corporation for securities of the debtor. On April 19, 1937, an order was made specifying the manner in which the exchange should take place, and in accordance therewith notices were duly sent to all known bondholders and advertisements were inserted in the Philadelphia newspapers. This order contained the provision that the right to exchange securities should expire April 18, 1938, unless extended, and the notices and advertisements so provided. In conformity therewith about ninety percent (90%) of the securities of the debtor were exchanged for securities of the new corporation on or before that time. On application of belated securityholders, the time for exchange was extended on several occasions and finally set for December 31, 1941, at which time more than ninety-eight percent (98%) of the securities had been exchanged. On January 23, 1942, the court entered a final decree [1] discharging the Reorganization Committee and terminating the proceedings, in conformity with the Bankruptcy Statute. [2]

Almost two years later, on December 4, 1943, the appellee filed a petition to reopen the matter and permit him to exchange five bonds of the debtor, which he had purchased on January 7, 1937. On February 29, 1944, the court entered an order vacating the decree of January 23, 1942, and fixed the time for exchanging securities as of April 1, 1944, from which decree this appeal is taken.

The question here involved is an extremely narrow one and concerns itself with: (1) whether the court had jurisdiction to reopen the decree of January 23, 1942 and permit the exchange of securities, and (2) if it had such jurisdiction, was the entry of the new decree under the circumstances here existing, an abuse of its discretion?

It is contended by the appellee that the court had no authority to fix a time limit such as here done in the final decree as no such provision was made therefor under 77B. However, the final decree was entered on January 23, 1942, and Sec. 204 of the Chandler Act, 52 Stat. 894, 11 U.S.C.A. § 604, provides that the court may "fix a time, to expire not sooner than five years after the final decree closing the estate, within which, as provided in the plan or final decree—* * * the holders of secu-

---

[1] "2. That 1528 Walnut Street Building Corporation, the new company formed pursuant to the plan of reorganization of said Debtor, shall be and is free, clear and discharged of all debts, claims and liabilities whatsoever of the Debtor, its stockholders or creditors.

"3. That all creditors of, claimants against and stockholders of Debtor, wheresoever situated or domiciled, are hereby restrained and enjoined from pursuing or attempting to pursue or commencing any suits or other proceedings at law, in equity or otherwise against said new company, 1528 Walnut Street Building Corporation, or any of the assets or property transferred by the Debtor to said new company, directly or indirectly, on account of or based upon any right, claim or interest which any such creditor, claimant or stockholder may have had in, to or against Debtor.

"4. That the proceedings in this Court entitled 'In the Matter of Peyton Realty Company, a Corporation,' in Bankruptcy No. 18015, be and the same are hereby terminated and fully closed."

[2] 48 Stat. 911, 11 U.S.C.A. § 207, sub. h:

"Upon the termination of the proceedings a final decree shall be entered discharging the trustee or trustees, if any, making such provisions as may be equitable, by way of injunction or otherwise, and closing the case. Such final decree shall discharge the debtor from its debts and liabilities, and shall terminate and end all rights and interests of its stockholders, except as provided in the plan or as may be reserved as aforesaid."

rities shall present or surrender their securities. After such time no such claim or stock shall participate in the distribution under the plan."

Sec. 276, sub. c (2) of the Act provides that provisions of the new act may be applicable to 77B "to the extent that the judge shall deem their application practicable."

■ In view of these provisions of the Act, it seems the court had proper warrant not only for discharging the debtor and fully closing the proceedings, but also to fix a time limit within which the securities should be exchanged.

■■ We think the court had no jurisdiction to vacate the decree of January 23, 1942. While it is generally recognized that a bankruptcy proceeding is a continuous suit, and that Courts of Bankruptcy are always open and have no terms, and that an order of the court may be re-examined and vacated within such pendency, unless such vacation would disturb rights which have become vested in reliance upon such order or action, Kimm v. Cox, 8 Cir., 130 F.2d 721, 732, nevertheless it must be recognized that this broad principle concerns itself with substantive or procedural rights involved in the reorganization itself or matters connected therewith, which have been in issue before the court previous to the entry of its final decree, such as in Wayne United Gas Co. v. Owens-Illinois Glass Co. et al., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557, where the Supreme Court held that it was error for the Circuit Court of Appeals to hold there was no power in the District Court to hear a petition for reorganization, which it had originally dismissed. Standard Steel Works v. American Pipe & Steel Corporation, 9 Cir., 111 F.2d 1000 has been cited by Appellee as following the principle laid down in the Wayne United Gas Co., supra, though it refused to vacate the decree on another ground. An examination of the facts however, reveals that what the court said about the possible vacation of the decree was in connection with the petitioner's claim, which it found was filed in time, a matter which had been at issue and litigated before the final decree. The decree of January 23, 1942 in the instant case was a final order, all litigation with respect to the consummation of the plan or in anywise connected therewith had ceased and the application here could in no sense be considered a proceeding to reopen any matter which had been litigated in the case. There is no contention that the court here made any error in closing the proceeding and entering the final decree, and it is not asked to reopen any question theretofore litigated nor undo any error previously committed. This application is to change a status, to reopen a decree which by Section 207, Subsection h (11 U.S.C.A.) of the Bankruptcy Act, finality is given. It is just as important that there should be a place to end, as it is that there should be a place to begin litigation. There comes a time in all litigation when the order of the court is final, and we think legislative intent to this effect was given by this provision of the Act. If sanction is given to the vacation of this decree, there is no assurance that the owners of the remainder of the securities not exchanged, will not present their applications for consideration as was done here.

In In re Sherland Bldg. Corporation, D. C., 29 F.Supp. 985, the court held, in an attempt by the petitioner to have a final decree vacated and permission granted to exchange his securities, a situation similar to the instant case, that no reservation having been made in the final order, it was a final determination and the jurisdiction of the court ended at that time. To like effect are In re Tom Moore Distillery Co., D. C., 52 F.Supp. 938; In re Corona Radio & Television Corporation, 7 Cir., 102 F.2d 959; In re Wedgewood Hotel Co., 7 Cir., 125 F.2d 327.

■ It is further argued, that to permit the bondholder to exchange his securities as here would not diminish the property of the new corporation to any substantial extent, and therefore relying on the maxim, de minimis non curat lex, the court below was correct in vacating the decree and making the order it did. This argument is in nowise convincing, for while the rights of third parties here, admittedly would be harmed to only a small degree, the amount of the harm done should not be controlling, but rather whether harm at all would be done to bondholders of the new corporation. A provision of a statute which speaks with such finality as Section 207, subsection h does, should only be set aside, if at all, when it is clear and unmistakable that no possibility of harm will result therefrom.

Judgment of the lower court is reversed.