## In re DETROIT LELAND HOTEL CO.

### No. 21141.

District Court, E. D. Michigan, S. D.

July 10, 1945.

Beaumont, Smith & Harris, of Detroit, Mich., for debtor.

Clark, Klein, Brucker & Waples, of Detroit, Mich., for Russell F. Knapp.

LEDERLE, District Judge.

This is a corporate reorganization proceeding filed in accordance with the pro-

visions of 77B of the National Bankruptcy Act, Section 207, 11 U.S.C.A. At the date the petition was filed, March 28, 1936, the petitioner had been in default for non-payment of principal and interest in a bond issue since 1931. After due notice in accordance with the provisions of the statute an order was entered August 5, 1937, approving and confirming a Plan of Reorganization. This order provided for the cancellation of all outstanding bonds and the discharge of the mortgage given as security for the bonds and enjoined the creditors and stockholders from bringing any action against the debtor or against any of the property of the debtor.

This order also provided for a general adjournment to November 4, 1937, for the purpose of passing upon applications for fees for services rendered and for the consideration of the documents incidental to the execution and consummation of the Plan. In addition to these matters the Court specifically reserved jurisdiction solely for the purpose of entering such orders as " * * * may be deemed necessary and proper in connection with carrying out the terms and provisions of said Plan * * * and for properly terminating this cause."

As a part of the program for carrying out the Plan of Reorganization an order was entered December 17, 1937, providing for the issuance of new securities to the holders of outstanding bonds and directing the persons entitled to the new securities to accept them on or before December 30, 1942. This order also provided for an additional notice to the bondholders and directed the Trustees appointed in accordance with the Plan to cancel all of the new securities that had not been accepted on December 31, 1942. Upon a showing that all of the orders of the Court had been complied with by the Trustees the final decree was entered April 10, 1939, after due notice.

■ Russell F. Knapp claiming to be the owner of bonds of the bankrupt corporation filed a petition to reopen the proceedings on March 6, 1945, and a motion to intervene on April 5, 1945. The reorganized debtor filed a motion to dismiss the Knapp petition on March 28, 1945. Briefs have been filed by both parties and a hearing was held in open Court. As heretofore pointed out the orders entered confirming the Plan and directing the method to be followed in carrying out the Plan and the final decree were all entered after due notice to all of the parties concerned in accordance with the provisions of the statute. There is no claim that any of the proceedings were irregular, except that the petitioner Knapp contends that the limitation placed upon the time within which the bondholders could surrender their old bonds and demand the new securities constituted an amendment to the Plan made without proper notice to the parties. In this respect he is in error. The subsequent hearing with reference to the details relating to carrying out the terms of the Plan was held at the adjourned dates as provided for in the order of August 5, 1937, and the notice given with reference to the hearing on August 5th was sufficient for the adjourned hearings.

■ One of the reasons for the adoption of Section 77B was to expedite the reorganization of insolvent debtors. The limit fixed for the surrender of the old securities and the delivery of new was slightly over five years. This was a reasonable provision for carrying out the Plan. If some limit is not placed upon the time within which creditors' rights are barred, a bankrupt estate could never be settled. The orders confirming the Plan of Reorganization and the final decree entered herein terminated this proceeding. The Court does not have general jurisdiction to reopen the proceedings but may retain jurisdiction only for the purpose of protecting its decree and preventing interference with the execution of the Plan. Chicot County District v. Baxter State Bank, 308 U.S. 371, 378, 60 S.Ct. 317, 84 L.Ed. 329; Prudence Corporation v. Ferris, 323 U.S. 650, 654, 65 S.Ct. 539; In Re Flatbush Avenue-Nevins Street Corporation, 2 Cir., 1943, 133 F.2d 760; Clinton Trust Co. v. Elliott Leather Co., 2 Cir., 1942, 132 F.2d 299; In re Peyton Realty Co., 3 Cir., 1945, 148 F.2d 771; Tom Moore Distillery Co., D.C.W.D.Ky., 1943, 52 F.Supp. 938.

The motion to intervene must be overruled and the petition to reopen denied.