## In re REO MOTOR CAR CO. (now REO LAND CO.).
### No. 24816.

District Court, E. D. Michigan, S. D.
Sept. 30, 1947.

Shields, Ballard, Jennings & Bishop and Byron L. Ballard, all of Lansing, Mich., for debtor.

Peck & Kramer, of Detroit, Mich., for stockholders Elizabeth M. Pitts et al.

Voorhies, Long, Ryan & McNair, of Detroit, Mich., for stockholder J. S. R. Ronald.

Dickinson, Wright, Davis, McKean & Cudlip, of Detroit, Mich., for stockholder John Apicella.

Samuel W. Leib, of Detroit, Mich., for stockholder Pearl Glusman.

Harold M. Silverman, of Detroit, Mich., for stockholders Ann Erman and Betty Margolis.

Cecil Whitehead, stockholder, in pro. per.

Aline Sulzbacher, stockholder, in pro. per.

LEDERLE, District Judge.

### Findings of Fact.

1. This corporate reorganization proceeding was instituted in accordance with Chapter X of the Bankruptcy Act, 11 U.S. C.A. § 501 et seq., as amended, by a voluntary petition filed by Reo Motor Car Company, a Michigan corporation, on December 18, 1938. A Plan of Reorganization was approved on December 12, 1939, and final decree was entered on October 7, 1940. The proceeding is presently before the court for decision on the final report filed on April 23, 1947, by Reo Motors, Inc., as Trustee for exchange of corporate stock in accordance with said Plan, such final report requesting approval of said Trustee's annual reports theretofore filed and of such final report, as well as a determination of the rights, if any, of stockholders who had not requested exchange of their corporate stock in accordance with the Plan within the time provided therefor, namely, prior to October 7, 1945, five years after entry of final decree. Upon filing of such final report an order was entered fixing June 18, 1947, for hearing on said final account and petition, and directing that notice thereof

be mailed by first class mail to all persons appearing as stockholders of debtor corporation, Reo Motor Car Company, on its stock list, who had not exchanged their stock for that of Reo Motors, Inc., in accordance with said Plan prior to October 7, 1945, the date limited for exchange, and that a copy of said order should be mailed by said Trustee to the Securities and Exchange Commission, Philadelphia, Pennsylvania.

2. At the hearing held on June 18, 1947, there appeared the petitioning Trustee, by its attorneys, and several stockholders and attorneys representing various stockholders of the debtor corporation, who had not exchanged their stock for the voting trust certificates of Reo Motors, Inc., or the stock of Reo Motors, Inc., as provided in the Plan within the time fixed by the court for such exchange. Each of these stockholders requested the court to extend the time within which such exchange might be made. Proofs were thereupon taken before the court.

3. The name of the debtor corporation was changed to Reo Land Company by amendment filed December 29, 1939.

4. Due notice of hearing on the original petition of debtor corporation and of all proceedings had herein thereafter culminating in the approval of the Plan on December 12, 1939, and a final decree on October 7, 1940, was given in accordance with the Bankruptcy Act and the orders of this court. Proof of mailing notice of hearing on the final account of Reo Motors, Inc., now before the court was filed.

5. In accordance with the Plan, the petitioner, Reo Motors, Inc., was incorporated in Michigan on January 2, 1940, to acquire the assets of debtor and carry out the Plan. The Plan required an exchange of the shares of Reo Motor Car Company for the shares of Reo Motors, Inc., on a share for share basis, voting trust certificates to be issued to the stockholders of debtor corporation pending repayment of a loan of Two Million Dollars received from the Reconstruction Finance Corporation. Upon repayment of said loan, the Voting Trustee, holders of the stock of Reo Motors, Inc., were to assign such stock in exchange for the voting trust certificates.

6. On December 23, 1941, the Articles of Incorporation of Reo Motors, Inc. were amended by the stockholders reducing its authorized capital stock from 2,000,000 common shares, par value One Dollar per share to 500,000 common shares, par value One Dollar per share.

7. On March 16, 1943, the loan to Reconstruction Finance Corporation having been paid, the said voting trust was terminated, and the holders of voting trust certificates were thereafter notified to exchange such certificates for common stock certificates of Reo Motors, Inc.

8. Petitioner, Reo Motors, Inc., was appointed by this court in its decree of October 7, 1940, as Trustee, "for the exchange and delivery of the undelivered new voting trust certificates of Reo Motors, Inc., the new corporation, for the old unexchanged common stock of the debtor corporation, as provided in said Trustee's fourth amended Plan of Reorganization, for a period of five years from and after the entry of this decree; that said new corporation, Reo Motors, Inc., as Trustee shall make such exchange of securities and shall file with the Clerk of the court a report showing the status of the trust at least once each year from and after the date of the entry of this decree, and also a final report at the expiration of said five year period as limited by this decree or upon the earlier completion of the execution of said trust; that at the expiration of said five year period the then remaining undistributed voting trust certificates and underlying capital stock of the new corporation, Reo Motors, Inc., shall be released from any provisions of said plan providing for their issuance and/or exchange for Reo Motor Car Company capital stock, and the several holders or any other owners of, and all persons claiming any interest in, the capital stock of the debtor corporation, Reo Motor Car Company, now Reo Land Company, shall be barred of and from any and all rights and interest therein."

9. Petitioner, Reo Motors, Inc., filed annual reports of its acts in making such exchange on October 22, 1941, November 21, 1942, October 29, 1943, and October 12, 1944 and on April 23, 1947, filed its final account herein.

10. On March 27, 1940, and August 6, 1940, Theodore I. Fry, Trustee of Debtor Corporation, notified all of its stockholders by letter to exchange their certificate in debtor corporation for the voting trust certificates provided for in the Plan approved and confirmed by this court.

11. On December 23, 1941, the Voting Trustees appointed by this court mailed a letter to all of the voting trust certificate holders of Reo Motors, Inc., and to all of the common stockholders of debtor corporation who had not made this exchange, advising them of the reduction in the number of shares of Reo Motors, Inc., and advising the stockholders of debtor corporation that they must exchange their stock for the voting trust certificates on or before October 7, 1945, or all rights of exchange would thereafter be barred.

12. On December 29, 1942, notice was given by Reo Motors, Inc., by letter to all voting trust certificate holders and to those stockholders of debtor corporation who had not made the exchange of stock that a dividend of Fifty Cents per share had been declared payable December 23, 1942 and that this dividend could not be paid to the holders of stock in Reo Motor Car Company, debtor corporation, until and unless they exchanged such stock for the current voting trust certificates.

13. By letter dated September 22, 1943, Reo Motors, Inc., again notified the stockholders of debtor corporation who had not made the exchange of the necessity to make this exchange for certificates of stock of Reo Motors, Inc.

14. On November 12, 1943, Reo Motors, Inc., again by mail notified all holders of old Reo Motor Car Company capital stock that this exchange must be made in order to participate in a dividend of One Dollar per share ordered paid on December 14, 1943.

15. On February 17, 1944, Reo Motors, Inc., again notified by mail the stockholders of Reo Motor Car Company who had not exchanged their stock that this exchange must be made and that "unless holders of Reo Motor Car Company capital stock completed their exchange by October 7, 1945, all of their exchange rights would thereafter be barred."

16. On September 14, 1945, Reo Motors, Inc., sent a final notice to holders of Reo Motor Car Company capital stock who had not exchanged for the stock of Reo Motors, Inc., advising them of the necessity of making this exchange and that back dividends totaling Three Dollars and Fifty Cents per share had been paid on shares of the new stock which could not be paid to them until and unless they completed the exchange of their stock in the debtor corporation for that of Reo Motors, Inc., and that the last date upon which the stock could be exchanged under the order of this court was October 7, 1945.

17. All of these notices were mailed to the last known addresses of its stockholders as shown by the records and stock list of Reo Motor Car Company, by first class mail with required legal postage annexed thereto.

18. All of the obligations of the debtor corporation have been paid in full and the petitioner, Reo Motors, Inc., as Trustee under the final decree herein, has performed all of its obligations as provided in said Plan and the orders and decree of this court.

19. The voting trust certificates of Reo Motors, Inc., were listed on the New York Stock Exchange in 1940, and when the Voting Trust was terminated in 1943 its common stock was listed on the New York Stock Exchange. There has been a very active market in the sale and purchase of said voting trust certificates and common stock of Reo Motors, Inc., since the listing thereof on the New York Stock Exchange, the market price having risen from less than Two Dollars per share in 1940 to over Thirty Dollars per share in 1947.

20. At the request of counsel representing various stockholders of debtor corporation who had not made the exchange of stock prior to October 7, 1945, the hearing was adjourned from June 18, 1947, to July 16, 1947, and again at their request on July 16, 1947, was adjourned to September 17, 1947, at which time the court heard the arguments of counsel relating to the matters there presented, and no further proofs having been offered by any of the parties, the hearing was closed by the court and these

stockholders' petitions to intervene and/or extend the time for exchange of stock were overruled because the court has been without jurisdiction to grant such relief since October 7, 1945.

### Conclusions of Law.

1. The accounting of Reo Motors, Inc., was duly and properly presented to the court and the annual accounts filed by petitioner as Trustee in 1941, 1942, 1943 and 1944, as well as the final account now before the court, should be approved by the court.

2. Stockholders of Reo Motor Car Company who failed to exchange their stock for that of Reo Motors, Inc., in accordance with the Plan of Reorganization and the various orders and the final decree entered herein on October 7, 1940, have no further rights based upon such stockholdings.