## In re CITY STORES CO.
### No. 1099.

United States District Court
D. Delaware.

Sept. 14, 1950.

Reargument Granted Nov. 20, 1950.

Allen J. Levin (of Sundheim, Folz, Kamsler & Goodis), of Philadelphia, Pa., and Edwin D. Steel, Jr. and William S. Megonigal, Jr. (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., for debtor.

H. James Conaway, Jr. (of Hering, Morris, James & Hitchens), of Wilmington, Del., for petitioner.

LEAHY, Chief Judge.

Helen W. Stern, widow, filed a petition in old No. 1099 as holder of 200 shares of preorganization common stock of City Stores Company, once Debtor, issued prior to its reorganization in 77B proceedings in 1934 in this court, to compel the exchange of her shares in accordance with the terms of the plan finally approved on December 20, 1934. The history of the matter is elaborate; the detail will be given only so far as is necessary for a consideration of the present petition. There is no dispute as to the major facts.

The plan of reorganization provided, among other things, for an exchange of old common stock on the basis of 12 shares for 1 share of the new. After the plan was confirmed by this court, the final decree in the proceedings was entered on January 31, 1936. After approval and decree numerous notifications were sent to those shareholders who had failed to exercise the privilege of exchange, as provided in the plan, urging them to do so as promptly as possible. However, the final decree contained no cut-off or bar provisions; accordingly there was to be no limit of time within which exchanges could be made. Subsequent to the final decree, the Chandler Act became effective on September 22, 1938. That Act, 52 Stat. 894, 11 U.S.C.A. §§ 604, 605, made provision for cut-off or bar orders.[1] Five years after the effective date of these particular provisions of the Chandler Act, the debtor petitioned this court to fix a bar order for exchange. On October 19, 1943, after notice and hearing the Debtor's prayers were granted and a cut-off order was entered barring exchange of stock under the plan after May 1, 1944.

The present petitioner was apparently the owner of the 200 shares during the period 1934 to May 1, 1944; and she is still the holder of such unexchanged shares. The unusual nature of the facts surrounding the ownership of the shares requires some narration. The statement of the petitioner on the circumstances of ownership is not and, in the nature of things, could not be disputed. Though the shares were registered in petitioner's name, they were purchased by her late husband and for years she had no knowledge that any such stock was in her name. Moreover, there was nothing to put her on notice of such ownership for the Debtor company never paid dividends on the stock and consequently she received no dividend checks. If she received any other communication from the company, she states she is unaware of such fact. Her husband never told her that the shares had been placed in her name and she does not know whether it was for business reasons or whether is was merely a gift from her husband. It was only after her husband's death, sometime in 1948, that petitioner became aware of her ownership of such shares. The stimulus for her knowledge of ownership was the necessity and the fact that she examined her husband's records after his death and in the course of such examination discovered the certificates representing the stock. To the best of her knowledge the certificates had been in her husband's possession throughout all the years since the stock was obtained.

The facts raise two questions: (1) whether the bar order entered by the court in 1943 is valid; (2) if valid, whether the court may now extend the period of the bar order from 1944 to the present 1950 in order for petitioner to make her exchange;

1. § 604. "Upon distribution * * * the judge may, upon notice to all persons affected, fix a time, to expire not sooner than five years after the final decree closing the estate, within which, as provided in the plan or final decree—

"(1) * * *

"(2) the holders of securities shall present or surrender their securities. After such time no such claim or stock shall participate in the distribution under the plan."

§ 605. "The securities or cash remaining unclaimed at the expiration of the time fixed as provided in section 604 of this title, or of any extension thereof, shall become the property of the debtor or of the new corporation acquiring the assets of the debtor under the plan, as the case may be, free and clear of any and all claims and interests."

and as part of (2), whether if the court may extend the period of the bar order it should be done under the circumstances of this particular case or all cases where exchange has not occurred.

Petitioner argues that after final decree—here said to be in January 1936—the bankruptcy court can not change a plan except as such rights to change are reserved in the final decree. Petitioner then urges that a bar order, such as entered in 1943, is an alteration or change in a plan and since the right to change it was not reserved in the final decree the bar order entered in 1943 was wholly void. The Debtor contends the bar order was validly entered and the court, if it has such discretion, should not exercise it to extend the date of the bar order for petitioner's benefit. It may be noted in passing that the petition was vigorously and excellently prosecuted and resisted by both oral argument and briefs. Though the arguments and briefs were most instructive, a dangerous practice has been followed here in adopting a theory of decision somewhat different from that urged by either of the parties.

■ 1. I think the bar order of 1943 is valid. There is no case which specifically holds that a bar order can not be entered after final decree. Petitioner argues, however, that the cases to the effect that a court has no jurisdiction to extend the bar period hold by parity of reasoning that the court has no jurisdiction to *enter* a bar order after final decree. In re Peyton Realty Co., 3 Cir., 148 F.2d 771; In re Sherland Building Corp., D. C., 29 F.Supp. 985; In re Tom Moore Distillery Co., D. C., 52 F.Supp. 938. See, In re Universal Lubricating Systems, D. C., 71 F.Supp. 775; Duebler v. Sherneth Corp., 2 Cir., 160 F.2d 472. The authorities do not so hold. The considerations applicable to extending a bar order, once entered, are different and are not persuasive as solving the question whether a bar order should be entered at all after a final decree has been filed. In the first situation, for example, the matter has been specifically considered by the court and, after deliberation, it has held that a bar order should be entered. In the second

situation, the matter was either not considered by the court or upon consideration it was thought not to be necessary to enter a bar order to effectuate the proper administration of the plan. The practicalities of later events which invariably arise in carrying the Bankruptcy Act into effect often show a need for administrative changes in carrying out a particular plan. Such was the situation in this case. In fact, it was the reason the bar order was entered here in 1943. Such an order does not constitute a change or alteration of the original plan; it is merely an administrative change thought to be necessary to make the effectuation of the plan more feasible. Consequently, any authorities which hold that a bankruptcy court has no jurisdiction to extend the bar period after final decree, where there has been no specific reservation of jurisdiction, do not by analogy support the contention that the bar order heretofore entered in 1943 was void. More than that, there are independent reasons why the bar order is valid. As suggested before, the bar order entered was not a change or modification of a plan but was merely an administrative matter aiding in the effectuation of the plan. The court of necessity has this inherent power, for otherwise inadvertence at the time of the final decree would often result in the existence of insoluble problems. And since the court could have entered a bar order in the first instance, under old 77B, the particular stockholder is in no worse position than she would have been had the bar order been entered at such time. These, then, are independent reasons why the bar order which was entered is a valid order.

■ 2. The conclusion is that the valid bar order entered in this case in 1943 can not be extended to grant petitioner relief. As suggested, different considerations are involved in the questions whether a bar order once entered can be extended, and whether it should be entered in the first place. The cases seem to hold that a court has no jurisdiction to extend the bar order; In re Peyton Realty Co., 3 Cir., 148 F.2d 771; In re Sherland Building Corp., D. C., 29 F.Supp. 985; In re Tom Moore Distillery Co., D.C., 52 F.Supp. 938; In re

Universal Lubricating Systems, D. C., 71 F. Supp. 775; Duebler v. Sherneth Corp., 2 Cir., 160 F.2d 472. A reading of the cases suggests that the courts are using "jurisdiction" in its technical sense to mean that the court has no power to extend the bar order after final decree, where there has been no reservation of such jurisdiction. This is made particularly clear in In re Peyton Realty Co., supra, which is the law of this Circuit. Moreover, in that case and here there were many equities in favor of the petitioners. However, in this case there is an equity against the petitioner Stern in that the capital structure of the instant company has now been altered and adjusted under the assumption of a previously existing valid bar order of this court. To readjust capital structure every time a petitioner seeks to extend a bar period would, of course, result in chaos. It may be that other potential petitioners are as favorably situated as this petitioner and consequently the court would have to compel the Debtor to readjust constantly its capital structure. It is recognized that a court will not do this in any case where intervening rights of other stockholders have come into existence, as they have in the case at bar. 6 Collier on Bankruptcy 3934.

Consequently, petitioner's prayer for relief should be denied by order.

### On Reargument

Reargument was granted on the prayer of the petition of Helen W. Stern, a holder of pre-organization stock of City Stores Company, to compel the Debtor to permit her to exchange her stock for shares of the reorganized corporation after the final date for exchange as fixed by order of October 19, 1943 had expired.

No new arguments or authorities have been advanced relevant to the issues in this matter. Petitioner's original and fundamental argument is still pressed that this court had no jurisdiction to enter the bar order fixing May 1, 1944 as the final date for exchange of securities under the plan as approved. Petitioner's main reliance is, again, on those authorities which hold that an extension of the period permitted for exchange under a plan constitutes a modification or amendment of the plan and that these same authorities should compel a decision that the fixing of a time limit on the right of exchange—as done in the instant matter here—likewise constitutes an amendment of the original plan of reorganization. This view is once more rejected on the ground heretofore stated that the 1943 Order fixing a time limit on the right of exchange was simply an administrative order to effectuate the purposes of the plan.

A re-examination of the equities—if such is appropriate and proper—demonstrates that what we have here is, in effect, a nine year cut-off date with no showing that petitioner was mislead as a factual matter into believing she had a perpetual right of exchange. The practical difficulties besetting Debtor if the court should deny to itself jurisdiction to administer its decrees as well as the intervening equities of other parties are treated in the former opinion.

After reargument it is concluded that an order denying the prayer of the petition should be submitted.