In re The CHARTER COMPANY, et al., Debtors.

Bankruptcy Nos. 84–289–BK–J–GP to 84–332–BK–J–GP and 85–1033–BK–J–GP.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 7, 1989.

See also, Bkrtcy., 97 B.R. 645.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon motion filed by Becky H. Wyer ("Mrs. Wyer") seeking an extension of time in which to surrender debenture certificates pursuant to the debtor's Fourth Amended Joint Plan of Reorganization. An evidentiary hearing on the motion was held December 16, 1988, and upon the evidence presented, the Court enters the following Memorandum Opinion:

## FACTS

On April 20, 1984, The Charter Company ("Charter") and many of its subsidiaries filed petitions under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 101, *et seq.* By orders entered April 20, 1984, and November 14, 1985, these cases have been consolidated for administration.

On August 14, 1986, the Court entered an order approving the Fourth Amended Disclosure Statement. On September 15, 1986, Mrs. Wyer cast a ballot accepting the terms and conditions of the Plan.

On December 18, 1986, the Court entered an order confirming the Fourth Amended Joint Plan of Reorganization (the "Plan") submitted in each of these cases. Jurisdiction waqs reserved by the Court to "determine all controversies and disputes arising under, or in connection with, the Plan."

The terms and conditions of the Plan required the debtor's debenture holders to surrender certificates evidencing their ownership to American Transtech, Inc. ("American Transtech"), debtor's escrow agent, within one year following the consummation date. The Plan's consummation date was March 31, 1987, and March 31, 1988, was fixed as the last day for debenture holders to surrender their certificates (the "surrender date").

Mrs. Wyer is the beneficial owner of $6,000 principal amount of 10⅝% subordinated debentures due 1998 issued by Charter prior to the petition date. Paragraph 2.7 of the Plan classifies her interest as a "Class 6B Claim." Paragraph 3.7 of the Plan provides that, with respect to the hold-

E. Lanny Russell, Jacksonville, Fla., for Charter.

Daniel D. Akel, Jacksonville, Fla., for Becky H. Wyer.

Thomas M. Baumer, Jacksonville, Fla., for American Transtech, Inc.

ers of Class 6B Claims, cash and new debenture certificates issued by Charter would be distributed to tendering debenture holders in full satisfaction of their claims. Regarding such distribution, paragraph 4.4.3(k) of the Plan states:

4.4.3(k) *Surrender of certificates as condition precedent to entitlement to distribution.* As a condition precedent to the distribution by the Escrow Agent of any property to the holder of a Class 6B Claim with respect to such Claim, such holder must first surrender his debentures evidencing such Class 6B Claim to the Escrow Agent in the manner and within such time periods as may be fixed in the Escrow Agreement. In the event a holder of a Class 6B Claim fails to surrender within one year after the Consummation Date his debentures in accordance with the procedures fixed in the Escrow Agreement, such holder shall not receive any distribution of property under the Plan with respect to such Class 6B Claim.

According to the Plan, if a holder of a Class 6B Claim failed to surrender his certificates within the time specified in paragraph 4.4.3(k), American Transtech is to liquidate the debentures which were to have been distributed to the nontendering debenture holder and distribute the proceeds pro rata to those claim holders who timely surrendered their certificates.

Mrs. Wyer admits having accepted the terms of the Plan but contends that Charter failed to convey proper notice of the surrender date to her. Specifically, she states that she did not receive a letter of transmittal sent by American Transtech to Charter's debenture holders until June, 1988, after she inquired of Charter as to why the securities were no longer reported in the financial section of the local newspaper.

According to American Transtech, the following securities were not timely surrendered:

(1) 260,952 shares of common stock;
(2) 11,584 shares of common stock unclaimed by warrant holders who failed to surrender their certificates;

(3) Approximately $297,000 principal amount of Charter's 10⅝% Subordinated Debentures (Class 6B–1);
(4) Approximately $130,000 principal amount of Charter's 14¾% Subordinated Sinking Fund Debentures due 1994 (Class 6B–2);
(5) Approximately $532,000 of Charter's 8¼% Convertible Subordinated Guaranteed Debentures due 1994 (Class 6C);
(6) Approximately $750,000 of Charter's Gulf Coast Waste Disposal Authority Pollution Control Revenue Bonds (Class 6F).

## CONCLUSIONS OF LAW

The central issue raised by the motion is whether the Court has authority to extend the date for tendering debenture certificates after the Plan has been confirmed. Charter argues that the Court lacks such authority because (i) only the proponent of the plan may modify a confirmed plan, (ii) that Mrs. Wyer accepted the plan and is now bound by its provisions, and (iii) that extending the deadline will open the "floodgates" to further litigation and uncertainty.

■ Debtor first suggests that the movant is, in fact, asking for a modification of the Plan. Section 1127 of the Bankruptcy Code governs the post-confirmation modification of a plan. It states that the proponent of a confirmed plan may call for its modification any time prior to substantial consummation. Thus, according to the debtor, the Court lacks authority to modify the Plan because (i) the Plan's proponent [Charter] did not request a modification, and (ii) because the Plan has been substantially consummated. The Court agrees with this analysis.

Substantial consummation of the Plan was accomplished on March 31, 1987, or one year prior to the filing of the present motion. Secondly, the motion was not filed by the plan's proponent, Charter. Under § 1127 then, the Court cannot extend deadline for surrendering the debenture certificates.

However, the Court does not find that the movant is actually seeking a modification of the Plan under § 1127. Instead, the Court is simply being asked to exercise its discretion to allow Mrs. Wyer to surrender her debenture certificates after the surrender date.

A number of cases reported prior to the enactment of the Bankruptcy Code suggest that the Court lacks the authority to extend a plan surrender deadline. For example, in *In re Industrial Office Building, Corp.*, 108 F.Supp. 878 (D.N.J.1952), the confirmed plan of reorganization required the surrender of old certificates in order to obtain new securities in the reorganized company. Like this movant, the stockholder in that case failed to timely surrender its certificates. The Court held:

> The earlier plan of reorganization was in fact a voluntary agreement to which all stockholders who accepted its terms and conditions became parties. This Court has no summary jurisdiction to alter or modify the agreement.

*Id.* at 882.

Similarly, in *In re City Stores Company*, 94 F.Supp. 266 (D.Del.1950), the Court stated:

> The cases seem to hold that a court has no jurisdiction to extend the bar order.... However, in this case there is an equity against petitioner Stern in that the capital structure of the instant company has now been altered and adjusted under the assumption of a previously existing valid bar order of this court. To readjust capital structure every time a petitioner seeks to extend a bar period would, of course, result in chaos. It may be that other potential petitioners are as favorably situated as this petitioner and consequently the court would have to compel the Debtor to readjust constantly its capital structure. It is recognized that a court will not do this in any case where intervening rights of other stockholders have come into existence, as they have in the case at bar.

*Id.* at 268–269.

Another court construed former Bankruptcy Rule 10–405(b) [derived from § 204 of the Bankruptcy Act] to limit the bankruptcy court's discretion to alter the Plan's surrender date. Said the court:

> [T]he clear intent is to fix a period of limitation within which any such creditor or stockholder may claim his distributive share or interest, so that the rights to unclaimed funds and securities may be definitely terminated.

*In re Grand Rapids R. Co.*, 28 F.Supp. 802, 803 (D.Mich.1939).

In *In re Reo Motor Car Co.*, 74 F.Supp. 142, 145 (D.Mich.1947), the court went a step further and said:

> Stockholders of Reo Motor Car Company who failed to exchange their stock for that of ·Reo Motors, Inc., in accordance with the Plan of Reorganization and the various orders and the final decree entered herein on October 7, 1940, have no further rights based upon such stockholdings.

The Court does not find this to be binding precedent and will look elsewhere to avoid a substantial forfeiture.

Bankruptcy courts have traditionally been endowed with equitable powers which enable them to avoid unjust results. Even those decisions which denied an enlargement of time in which to surrender certificates recognize this inherent power. For instance, in *North American Car Corporation v. Peerless W. & V.*, 143 F.2d 938 (2d Cir.1944), the court stated:

> In general, questions of reopening time limits for the presentation or other adjustment of claims must rest very largely in the sound discretion of the court....

*Id.* at 940. *See also, Industrial Office Building Corp., supra,* (standard applied is whether the option to surrender is exercised "within such reasonable time as would avoid prejudice to the rights of others").

The Court has balanced the equities present and finds that the movant is entitled to an extension of time in which to surrender her debenture certificates. Due consideration has been given to the relative harm which may come to the debtor and its shareholders and to Mrs. Wyer. The effect

of the extension of time on the debtor corporation is negligible, at best, while the corresponding impact on the movant is substantial.

■ The Court is also concerned with the lack of notice given to Mrs. Wyer. Due process requires that debenture holders be apprised of the last date in which they may surrender their debenture certificates prior to forfeiting their rights. The Court is satisfied by the movant's testimony that she did not, in fact, receive notice of the surrender date until after she had inquired as to why her debentures were no longer listed in the local newspaper.

■ Contrary to debtor's assertions, the Court finds that the extension of time given to Mrs. Wyer will not open the "floodgates" to further litigation or uncertainty. The extent of further litigation and uncertainty is limited primarily by three factors. First, the potential number of claims is limited to those debenture holders who failed to timely surrender their certificates. The evidence indicates that only $297,000 in Class 6B Claims remain outstanding out of a total of $105,671,000. Furthermore, the names of remaining claimants are easily ascertainable by Charter, and further action to advise these debenture holders of their rights can be easily accomplished.

Secondly, it may be that the doctrine of "laches" will ultimately attach to those shareholders who did not timely tender their certificates or move for an extension of time in which to do so. Without indicating the point where "laches" will apply, the Court finds that the Mrs. Wyer's motion is not barred by this doctrine.

■ Finally, § 1143 of the Code sets forth the outermost time limit in which security holder can ask for permission to surrender their debenture certificates. It provides:

> If a plan requires presentment or surrender of a security or the performance of any other act as a condition to participation in distribution under the plan, such action shall be taken not later than five years after the date of the entry of the order of confirmation. Any entity

that has not within such time presented or surrendered such entity's security or taken any such other action that the plan requires may not participate in distribution under the plan.

Thus, at the extreme, Charter and American Transtech can rely on December 18, 1991, as being the last date on which debenture holders can surrender their certificates. While this delay in distribution may be unfortunate, the Court does not find the delay alone justifies the termination of the movant's rights.

The Court will, by separate order, enlarge the time period in which Mrs. Wyer may surrender her debenture certificates.

## ORDER GRANTING MOTION FOR EXTENSION OF TIME IN WHICH TO SURRENDER DEBENTURE CERTIFICATES

Upon the Memorandum Opinion separately entered, it is ORDERED as follows:

1. The Motion for Extension of Time in Which to Surrender Debenture Certificates filed by Becky H. Wyer is GRANTED.

2. Becky H. Wyer shall have until March 24, 1989, in which to surrender her debenture certificates.

3. American Transtech is directed to (i) accept for surrender the $6,000 principal amount of 10⅝% subordinated debentures due 1998 issued by the Charter Company to Becky H. Wyer, and (ii) to distribute the property which the Plan provides will be distributed on account of such surrender.