In re The CHARTER COMPANY, et al.,
Debtors.

Bankruptcy Nos. 84–289–BK–J–GP to
84–332–BK–J–GP and
85–1033–BK–J–GP.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 7, 1989.

See also, Bkrtcy., 97 B.R. 640.

E. Lanny Russell, Jacksonville, Fla., for Charter.

Dennis E. Guidi, Jacksonville, Fla., for Cody Motor Co.

Thomas M. Baumer, Jacksonville, Fla., for American Transtech, Inc.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the motion filed by Cody Motor Company ("Cody") seeking an extension of time in which to surrender preferred stock certificates pursuant to the debtor's Fourth Amended Joint Plan of Reorganization. An evidentiary hearing on the motion was held December 16, 1988, and upon the evidence presented, the Court enters the following Memorandum Opinion:

## FACTS

On April 20, 1984, The Charter Company ("Charter") and many of its subsidiaries filed petitions under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 101, *et seq.* By orders entered April 20, 1984, and November 14, 1985, these cases have been consolidated for administration.

On August 14, 1986, the Court entered an order approving the Fourth Amended Disclosure Statement. On September 2, 1986, Cody cast a ballot accepting the terms and conditions of the Plan.

On December 18, 1986, the Court entered an order confirming the Fourth Amended Joint Plan of Reorganization (the "Plan") submitted in each of these cases. Jurisdiction was reserved by the Court to "deter-

mine all controversies and disputes arising under, or in connection with, the Plan."

The terms and conditions of the Plan required the debtor's shareholders to surrender certificates evidencing their ownership to American Transtech, Inc. ("American Transtech"), debtor's escrow agent, within one year following the consummation date.

The Plan's consummation date was March 31, 1987, and Notice of Consummation and Availability of Distributions was published on March 26, 27, and 31, 1987, in *The Wall Street Journal, Florida Times Union (Jacksonville, Florida),* and *The Luxemburger Wort.* Thus, the last day for shareholders to surrender their certificates was March 31, 1988 (the "surrender date").

Cody is the beneficial owner of 6,000 shares of 8.25% cumulative convertible preferred stock (Class J) issued by Charter prior to the petition date. Paragraph 2.25 of the Plan classifies her preferred stock as a "Class 7A Interest." Paragraph 3.26 of the Plan provides that, with respect to the holders of Class 7A Interests, 6,748,605 shares of new common stock would be distributed to tendering shareholders in full satisfaction of their claims. Regarding such distribution, paragraph 4.12.3(d) of the Plan states:

> 4.12.3(d) *Surrender of certificates as condition precedent to entitlement to distribution.* As a condition precedent to the distribution by the Escrow Agent of any property to the holder of a Class __ Interest [including Class 7A Interests] with respect to such Interest, such holder must first surrender his certificates evidencing such Class __ Interest to the Escrow Agent in the manner and within such time periods as may be fixed in the Escrow Agreement. In the event a holder of a Class __ Interest fails to surrender his stock or warrant certificates within 365 days after the Consummation Date in accordance with the procedures fixed in the Escrow Agreement, such holder shall be conclusively deemed to have received his distribution of New Common Stock under the Plan and shall

not be entitled to receive any further distribution of property under the Plan with respect to such Class __ Interest and all such New Common stock not claimed by such holder shall be cancelled and returned to authorized and unissued New Common Stock.

According to the Plan, if a holder of a Class 7A Interest failed to surrender his certificates within the time specified in paragraph 4.12.2(d), American Transtech is to cancel the certificates and return the unissued stock to Charter to be held as authorized and unissued common stock.

The evidence submitted indicates that Cody received the letter of transmittal prior to March 31, 1988, but did not timely surrender its certificates. The owner of Cody Motor Company explained that he relied upon his wife to handle financial matters of this type and that she neglected to surrender the certificates due to a memory lapse. The lapse in memory is said to have been brought about by illness.

According to American Transtech, the following securities were not timely surrendered:

(1) 260,952 shares of common stock;

(2) 11,584 shares of common stock unclaimed by warrant holders who failed to surrender their certificates;

(3) Approximately $297,000 principal amount of Charter's 10⅝% Subordinated Debentures (Class 6B–1);

(4) Approximately $130,000 principal amount of Charter's 14¾% Subordinated Sinking Fund Debentures due 1994 (Class 6B–2);

(5) Approximately $532,000 of Charter's 8¼% Convertible Subordinated Guaranteed Debentures due 1994 (Class 6C);

(6) Approximately $750,000 of Charter's Gulf Coast Waste Disposal Authority Pollution Control Revenue Bonds (Class 6F).

## CONCLUSIONS OF LAW

The central issue raised by the motion is whether the Court has discretion to extend the date for tendering debenture certifi-

cates after the Plan has been confirmed. Charter argues that the Court lacks such authority because (i) only the proponent of the plan may modify a confirmed plan, (ii) that Cody accepted the plan and is now bound by its provisions, and (iii) that extending the deadline will open the "floodgates" to further litigation and uncertainty.

■ Debtor first suggests that the movant is, in fact, asking for a modification of the Plan. Section 1127 of the Bankruptcy Code governs the post-confirmation modification of a plan. It states that the proponent of a confirmed plan may call for its modification any time prior to substantial consummation. Thus, according to the debtor, the Court lacks authority to modify the Plan because (i) the Plan's proponent [Charter] did not request a modification, and (ii) because the Plan has been substantially consummated. The Court agrees with this analysis.

Substantial consummation of the Plan was accomplished on March 31, 1987, or one year prior to the filing of the present motion. Secondly, the motion was not filed by the plan's proponent, Charter. Under § 1127 then, the Court cannot extend the deadline for surrendering the debenture certificates.

However, the Court does not find that the movant is actually seeking a modification of the Plan under § 1127. Instead, the Court is simply being asked to exercise its discretion to allow Cody to surrender its debenture certificates after the surrender date.

A number of cases reported prior to the enactment of the Bankruptcy Code suggest that the Court lacks the authority to extend a plan surrender deadline. For example, in *In re Industrial Office Building, Corp.*, 108 F.Supp. 878 (D.N.J.1952), the confirmed plan of reorganization required the surrender of old certificates in order to obtain new securities in the reorganized company. Like this movant, the stockholder in that case failed to timely surrender its certificates. The Court held:

> The earlier plan of reorganization was in fact a voluntary agreement to which all stockholders who accepted its terms and conditions became parties. This Court has no summary jurisdiction to alter or modify the agreement.

*Id.* at 882.

Similarly, in *In re City Stores Company*, 94 F.Supp. 266 (D.Del.1950), the Court stated:

> The cases seem to hold that a court has no jurisdiction to extend the bar order.... However, in this case there is an equity against petitioner Stern in that the capital structure of the instant company has now been altered and adjusted under the assumption of a previously existing valid bar order of this court. To readjust capital structure every time a petitioner seeks to extend a bar period would, of course, result in chaos. It may be that other potential petitioners are as favorably situated as this petitioner and consequently the court would have to compel the Debtor to readjust constantly its capital structure. It is recognized that a court will not do this in any case where intervening rights of other stockholders have come into existence, as they have in the case at bar.

*Id.* at 268–269.

Another court construed former Bankruptcy Rule 10–405(b) [derived from § 204 of the Bankruptcy Act] to limit the bankruptcy court's discretion to alter the Plan's surrender date. Said the court:

> [T]he clear intent is to fix a period of limitation within which any such creditor or stockholder may claim his distributive share or interest, so that the rights to unclaimed funds and securities may be definitely terminated.

*In re Grand Rapids R. Co.*, 28 F.Supp. 802, 803 (D.Mich.1939).

In *In re Reo Motor Car Co.*, 74 F.Supp. 142, 145 (D.Mich.1947), the court went a step further and said:

> Stockholders of Reo Motor Car Company who failed to exchange their stock for that of Reo Motors, Inc., in accordance with the Plan of Reorganization and the various orders and the final decree entered herein on October 7, 1940, have no

further rights based upon such stock-holdings.

The Court does not find this to be binding precedent and will look elsewhere to avoid a substantial forfeiture by Cody.

Bankruptcy courts have traditionally been endowed with equitable powers which enable them to avoid unjust results. Even those decisions which denied an enlargement of time in which to surrender certificates recognize this inherent power. For instance, in *North American Car Corporation v. Peerless W. & V.*, 143 F.2d 938 (2d Cir.1944), the court stated:

> In general, questions of reopening time limits for the presentation or other adjustment of claims must rest very largely in the sound discretion of the court....

*Id.* at 940. *See also, Industrial Office Building Corp., supra*, (standard applied is whether the option to surrender is exercised "within such reasonable time as would avoid prejudice to the rights of others").

However, before the Court may exercise its equitable powers to extend the surrender date, it is incumbent upon the movant to provide some valid reason why the deadline imposed by the Plan was not met. The Court has carefully considered the evidence presented in this case and finds that movant has failed to supply any plausible justification for enlarging the time in which it may surrender its stock certificates. The Court is not persuaded by movant's testimony and finds that the stock certificates were not timely surrendered and the only reason was neglect.

Accordingly, the Court will, by separate order, deny Cody's request for an enlargement of the surrender date.