## Keane, Appellant, *v.* Moffly.

*Corporations — Stockholders — Insolvent corporation — Reorganization committee—Assessments—Time limit.*

Where the reorganization committee of stockholders of an insolvent corporation offer a plan of reorganization to the stockholders, with a time limit within which assessments on the stock to carry out the plan are to be paid, a stockholder who has not paid his assessment within the time specified has no standing thereafter to compel the committee to receive the assessment merely because the committee has accepted assessments from other stockholders after the time specified had expired.

Argued Jan. 25, 1907. Appeal, No. 384, Jan. T., 1905, by plaintiff, from decree of C. P. No. 1, Phila., Co. Sept. T., 1904, No. 891, sustaining demurrer to bill in equity in case of Philip Keane v. John W. Moffly, Simon Gratz, Nicholas Brice, Charles W. Henry, Wm. H. Arrott, Samuel F. Houston, Wm. Rotch Wister, E. J. Berwind, John T. Terry, Thomas J. Drummond and W. K. Stager, known as the " Moffly Reorganization Committee of the Consolidated Lake Superior Company," and the Lake Superior Corporation. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for a mandatory injunction.
The averments of the bill and the grounds of demurrer are set forth in the opinion of the Supreme Court.

*Error assigned* was decree sustaining the demurrer.

*Wm. O. Armstrong,* for appellant.

*P. F. Rothermel,* for appellees.

*Wm. Meade Fletcher,* for The Lake Superior Corporation.

OPINION BY MR. JUSTICE POTTER, March 11, 1907:
This was a bill in equity filed by the plaintiff against John

W. Moffly et al., known as the " Moffly Reorganization Committee of the Consolidated Lake Superior Company," and the Lake Superior Corporation. It is alleged in the bill that plaintiff owned 1,200 shares of the common stock of the Consolidated Lake Superior Company; that said corporation during the latter part of 1902 became insolvent and shortly afterwards a receiver was appointed therefor; that thereafter during the year 1903, a committee known as the " Moffly Reorganization Committee of the Consolidated Lake Superior Company," was formed for the purpose of devising ways and means to raise funds to reorganize the said Consolidated Lake Superior Company; that said committee decided that this purpose should be accomplished by assessing upon the owner of each share of the common and preferred stock of the said Consolidated Lake Superior Company, an assessment of $3.00 per share, to be paid to the reorganization committee to provide working capital, etc., and that a new company should be formed whose capital stock should consist of one class of stock only, which, together with certain income bonds, should be distributed to the stockholders of the old company in such proportions as were designated by the committee. That the said reorganization committee fixed May 17, 1904, as the last day on which the aforesaid assessment could be paid. The committee officially notified the stockholders of the old company of the plan for reorganization, together with the fact that after said date, no more assessments would be received. The plaintiff did not pay his assessment upon the date named, but he avers that on July 19, 1904, immediately upon his discovery that the committee and corporation were receiving assessments of certain other stockholders, notwithstanding the time had gone by, he tendered the assessment upon his shares; but the said committee and corporation refused to accept it. He therefore prays that the defendants be required to accept from him his stock, together with the assessment of $3.00 per share thereon, and that he be permitted to participate in the reorganization.

The defendants demurred to the bill, setting forth among other things that the bill was defective in that it did not show privity, or set forth any trust relationship between the committee and plaintiff, with reference to the stock of the old

company, or the alleged new corporation ; that the time for making tender had elapsed at the time plaintiff tendered his stock ; that no trust relationship between plaintiff and defendants had been shown, and that even if defendants did voluntarily accept from other stockholders assessments after the date named, they had a legal right so to do, and to refuse to accept plaintiff's tender. The court below sustained the demurrer without filing any opinion.

It is sufficient for us to say that the bill does not show that the plaintiff participated or was in any way interested in the formation of the reorganization committee; and it does not appear that the plan of reorganization vests any rights in any persons except those who have accepted and agree to be bound by the terms thereof. The members of the committee owe no obligation to any stockholder, as such. They had a right to limit the terms of subscription to the reorganization scheme in any manner which they deemed to be for their best interests. As a matter of fact, they did determine to offer the privileges of joining in their plan, to such stockholders as would pay the assessment of $3.00 a share before May 17, 1904. The stockholders who did make such payment within the time limited had then a clear right to proceed with the plan of reorganization, and those who did not pay the required assessment had no just reason to complain. There was no privity of contract, or any relation of trust between the stockholders who formed the reorganization committee, and the other stockholders who did not see fit to join them, or comply with the terms offered to them by the committee. An opportunity was given to the plaintiff to participate in the new enterprise by coming in within the time fixed and making payment of his proportionate assessment. That he did not do so was perhaps his misfortune ; but there is no ground in law or equity upon which his claim to force his way into the organization after the time fixed by the committee, can be sustained : Landis v. Western Penna. Railroad Co., 133 Pa. 579. We see no error upon the part of the learned court below, in sustaining the demurrer.

The assignment of error is overruled, and the decree is affirmed.