In re INDUSTRIAL OFFICE BLDG. CORP.

Bankr. 6858a.

United States District Court
Third D. New Jersey.
Dec. 17, 1952.

Robert Carey, Jr., Newark, N. J., Trustee.

Lorentz & Stamler, Newark, N. J., for claimants.

Elmer F. Holtz, Newark, N. J., Preferred creditors.

Arthur Burck, New York City, for Securities & Exchange Commission.

SMITH, District Judge.

This is a corporate reorganization under Chapter X of the Bankruptcy Act, 11 U.S. C.A. §§ 501–676. The matter is before the Court on the several claims of the holders of preferred stock of the Permanent Industrial Exposition of Newark, Inc., the predecessor of the Debtor. The claims are for distributive shares of the fund available for distribution among the preferred stockholders of the Debtor under the plan of reorganization heretofore approved and confirmed by the Court; the claims were filed before the approval of the plan and within time. The claim of Bernard J. Grad and Howard Grad is typical, and is therefore adopted for discussion.

The matter was heretofore referred to the Referee in Bankruptcy for hearing, and it now appears that it was submitted to him on a stipulation of facts and certain exhibits which were offered in evidence. The report of the Referee recommends the allowance of the claims, but we are constrained to reject his recommendation for the reasons stated herein. The essential facts are not in dispute, and the only questions here presented are questions of law.

## Facts

### I.

The predecessor of the Debtor, the Permanent Industrial Exposition of Newark, Inc., was incorporated on June 16, 1922, under the laws of the State of New Jersey. The certificate of incorporation created two classes of stock, preferred and common, and authorized the issuance of preferred stock with a par value of $100 per share, and common stock with no par value. The stock was issued, and thereafter the name of the corporation was changed to "Industrial Office Building Co."

### II.

The record does not disclose how this change was effected, but, in the absence of any evidence of irregularity, we think it reasonable to assume that the change was effected under the provisions of R.S. 14:11–1 et seq., N.J.S.A. 14:11–1 et seq., which require notice to the stockholders and their favorable action on the proposed change. There is no evidence that the stockholders, including the present claimants, had no notice of this change of name.

### III.

The principal asset of the corporation was a large office building, the construction of which was completed in May of 1926; this building is located in the City of Newark, New Jersey, and is, and has been, generally known as the "Industrial Office Building." This asset was encumbered by a first mortgage which was given to secure an issue of first mortgage bonds. There were first mortgage bonds in the total amount of $2,984,500 outstanding in 1932, when the said corporation was apparently in financial distress.

### IV.

The said corporation defaulted on the bonds, and on June 1, 1932, an action to foreclose the mortgage was instituted by the Fidelity Union Trust Company of Newark, the mortgage trustee, in the Court of Chancery of New Jersey. Thereafter a voluntary committee, hereinafter identified as the Committee, was organized. This Committee formulated a proposed plan of reorganization, dated September 15, 1932, which was submitted to the bondholders and stockholders.

### V.

It seems reasonable to infer that the plan to reorganize the corporation was initiated pursuant to the provisions of R.S. 14:14-37 et seq., N.J.S.A. 14:14-37 et seq. It should be noted, however, that the stipulation of facts makes no reference to the statutory provisions, but our research reveals no other provisions which would have permitted the procedure which was here followed. The method which was here followed appears to have been in common use in many jurisdictions prior to the enactments of Chapter X of the Bankruptcy Act and Section 77(b) of the earlier Statute. (See 13 Am.Jur. 1106, et seq., paragraphs 1204, et seq.)

### VI.

The said plan of reorganization proposed: the incorporation of a "New Company," hereinafter identified as the "Debtor," under the laws of the State of New Jersey; the acquisition by the Debtor of all the assets of the old corporation; the assumption by the Debtor of all the debts of the old corporation; the issuance of new securities, including bonds and stocks; and, the exchange of the new securities for the securities of the old corporation on a share for share basis upon consummation of the plan. The plan of reorganization was supported by a reorganization agreement, an integral part of the plan, which defined the powers and duties of the Committee. The known security holders of the old corporation were given notice of the plan and were invited to participate under the terms and conditions therein prescribed. These notices were entitled in the name of "Industrial Office Building Co."

### VII.

The plan of organization contains the following pertinent provision: "In order to participate in the Plan bondholders, noteholders and stockholders of the Company shall deposit their bonds, notes and stock certificates together with instruments of assignment properly endorsed in blank for all registered securities, to the Chase National Bank of the City of New York, * * * as Depositary for the Reorganization Committee, for deposit under the Plan and Reorganization Agreement dated September 15, 1932 * * *. Bonds must be deposited either in bearer form * * * or with instrument of assignment executed in blank; * * *; and stock certificates must be endorsed in blank for transfer." The plan further provided that upon its consummation "all holders of the old preferred and common stocks who shall have deposited them under the Plan will receive an equal number of shares of the preferred and common stocks, respectively, of the New Company."

### VIII.

The plan of reorganization also contains the following pertinent provision: "Deposits may be made on or before any date that may be fixed by the Reorganization Committee. The Plan will become operative if and when in the sole discretion of the Reorganization Committee sufficient deposits have been obtained to make it advisable to attempt to carry out the Plan and when declaration is made as provided in the Reorganization Agreement. Unless extended by the Reorganization Commit-

tee the time within which the Plan may be declared operative will expire December 30, 1932. Any extension of such time beyond March 31, 1933 shall be treated as a material amendment to this Plan." The Reorganization Agreement required the deposit of securities "in the manner provided in the Plan on or before December 30, 1932 or any later date * * * fixed by the Committee." The time for the deposit of securities was extended by the Committee on three occasions: to March 15, 1933, to April 17, 1933, and finally to October 1, 1934; notices of these extensions were given the security holders in the usual manner.

## IX.

A decree of foreclosure was entered by the Court of Chancery in the then pending action (see Paragraph IV), and the property was sold on Feb. 15, 1933 to the Committee for a price of $100,000 the high bid. This sale was confirmed on March 13, 1933. Thereafter, on March 31, 1933, the plan of reorganization was declared operative and notice of this declaration was given to the security holders. A similar notice was published in the New York Times from April 3 to April 10, 1933. The time for the deposit of securities was finally extended by the Committee to October 1, 1934. (See Paragraph VIII.)

## X.

Pursuant to the provisions of the Plan of Reorganization the Debtor, "Industrial Office Building Corporation," was incorporated under the laws of the State of New Jersey on July 21, 1933, and thereafter on July 22, 1933, the Committee assigned and conveyed to the Debtor its right, title and interest in the property of the old corporation. The Debtor continued its business until October 3, 1947, when the present proceedings, under Chapter X of the Bankruptcy Act, were instituted. It should be noted, however, that the present claimants took no action even in this proceeding until the latter part of 1949, immediately before the approval of a proposed plan of reorganization.

## XI.

The records of the Debtor disclose that the Finance Committee, by resolution adopted August 10, 1934, recommended a further extension of time, to wit, to October 1, 1934, for the deposit and exchange of securities under the plan of reorganization. This recommendation was approved and adopted by the Committee, and notice of its action was given to the security holders in the usual manner. The records of the Debtor further disclose, however, that notwithstanding this limitation, the Board of Directors thereafter, between February 21, 1935 and May 23, 1946, authorized several exchanges of stock—the old for the new. There is no evidence that this action was authorized by the Committee.

## XII.

The present claimants, Bernard J. Grad and Howard Grad, are the holders of 264 or more shares of preferred stock in the Permanent Industrial Exposition of Newark, which were assigned and transferred to them in June of 1932 by one Frank Grad, the original holder. This transfer was not recorded in the books of the said corporation and the stock certificates were never exchanged either within the time prescribed by the Committee or thereafter. The other claimants are likewise holders of preferred stock in the Permanent Industrial Exposition of Newark; their certificates, like those of the Grads, were never exchanged either within the time prescribed by the Committee or thereafter. The present claims are predicated solely on these stock certificates.

## Discussion

The plan of reorganization initiated by the security holders of the Permanent Industrial Exposition of Newark was voluntary; it proposed a new venture, to wit, the "New Company," and offered to the security holders the opportunity of participation under the terms and conditions therein prescribed. Their right to participation was conditioned upon their acceptance of the plan, evidenced by the deposit of their securities with the designated Depositary, and the surrender of their old certificates in exchange for those of the New Company; the deposit of their securities, in accordance with the terms and conditions of the plan, was a prerequisite of their right of participation. The stockholders of the old

corporation were under no obligation to become stockholders of the New Company; they were, however, accorded the opportunity to become stockholders, but only upon compliance with the terms and conditions of the plan.

■■ The plan of reorganization did not vest in the stockholder "an absolute right of property in the stock of the new corporation, irrespective of his own action, but an option to be exercised or not at his own choice, and, of course, to be exercised, if at all, within such reasonable time as would avoid prejudice to the rights of the others." Landis v. Western Pacific R. Co., 133 Pa. 579, 19 A. 556, 558; see also Keane v. Moffly, 217 Pa. 240, 66 A. 319, 320. The present claimants failed to exercise this option either within the time prescribed by the Committee or thereafter, and it is therefore our opinion that this option may not be enforced at this late date. Ibid. See also Fletcher Cyclopedia Corporations, Vol. 15, Sections 7264 and 7265.

The plan of reorganization was supported by a voluntary agreement, an integral part of the plan; this agreement bound only those security holders who became parties to it by compliance with its terms and conditions. The stockholders who accepted the plan became parties to the agreement and assumed the responsibilities incident to stock ownership; those who failed to exercise the option did not become parties to the agreement and assumed none of the responsibilities incident to the stock ownership. See Annotation, 89 A.L.R. 770, 772, 774. It would therefore seem inequitable to permit the present claimants, who assumed none of the responsibilities of stock ownership in the New Company, to enforce their option at this late date and thus claim the benefits which enure to the preferred stockholders of the Debtor under the present plan of reorganization.

■■ The relief which the claimants now seek may be granted only upon a modification of the earlier agreement and the plan of reorganization promulgated pursuant thereto so as to permit the exchange of securities after the lapse of more than fifteen years. We are of the opinion that the Court is without authority to grant such relief. Cf. Habirshaw Electric Cable Co. v. Habirshaw Electric Cable Co., 2 Cir., 296 F. 875, 879, 43 A.L.R. 1035; see also in re Peyton Realty Co., 3 Cir., 148 F.2d 771, 773; Duebler v. Sherneth Corporation, 2 Cir., 160 F.2d 472, 474. The earlier plan of reorganization was in fact a voluntary agreement to which all stockholders who accepted its terms and conditions became parties. This Court has no summary jurisdiction to alter or modify the agreement. Habirshaw Electric Cable Co. v. Habirshaw Electric Cable Co., supra, 296 F. 879, 881.

■■ The claimants argue, in support of their asserted right to relief, that they had no notice of the proceedings initiated by the Committee. The argument is not supported by either the stipulation of facts or evidence. However, if we assume that there was an absence of adequate notice, the argument seems rather tenuous. The record is devoid of any evidence which would support a determination that the claimants had no knowledge of the earlier proceedings.

## Conclusions

### I.

The claimants are the holders of preferred stock of the Permanent Industrial Exposition of Newark, the predecessor of the Debtor, and they are not the holders of preferred stock of the Debtor. They therefore have no right to distributive shares of the fund available for distribution among the preferred stockholders of the Debtor under the present plan of reorganization.

### II.

The Court lacks the authority to alter or modify the earlier plan of reorganization so as to permit the exchange of securities thereunder after the expiration of the period of limitation therein prescribed.

### III.

The claims filed herein will be disallowed for the reasons stated.