CONTINENTAL BANK & TRUST COMPANY OF NEW YORK, as Trustee, Plaintiff, *v.* SCOTCH PRESBYTERIAN CHURCH IN THE CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, August 3, 1945.

*John W. Kelly* for plaintiff.

*H. A. & C. E. Heidt* for Chemical Bank & Trust Company, defendant.

*Weschler & Kohn* for Joseph H. Nassoit, defendant.

*Abraham N. Geller* for Protective Committee for Certificate and Trust Receipts.

BOTEIN, J.   This is a preliminary application that two motions to dismiss a complaint calling for the foreclosure of a trust mortgage be transferred from Special Term, Part I, and Special Term, Part III, respectively, of this court, to Special Term, Part VII, which is the additional Special Term for trust mortgages.

The movants oppose, mainly on the ground that under a plan submitted to the United States District Court for the Southern District of New York in 1937, pursuant to section 77B of the Bankruptcy Act, as amended (U. S. Code [1934 ed.], tit. 11, § 207), the Federal court retained jurisdiction of this mortgage until the complete liquidation of the trust estate and the termination of the trust.

Reservation of jurisdiction by Federal courts in confirming a plan of reorganization is not designed to reserve to those courts more than auxiliary, protective jurisdiction.   The Circuit Court of Appeals, Second Circuit, has enunciated a policy against interpreting such a reservation so as to " keep a debtor in tutelage and burden the court with future supervision of the reorganized estate."   (*Towers Hotel Corporation* v. *Lafayette Nat. Bank, etc.,* 148 F. 2d 145, 148; *Reese* v. *Beacon Hotel Corp.,* Commerce Clearing House, Bankruptcy Law Service, ¶ 55,340; *Clinton Trust Co.* v. *John H. Elliott Leather Co.,* 132 F. 2d 299; see, also, *North American Car Corp.* v. *Peerless W. & V. Mach. Corp.,* 143 F. 2d 938, 940; *In re Flatbush Ave.-Nevins St. Corporation,* 133 F. 2d 760, 762.)   And where the reservation is invoked to bar proceedings in the courts of the State of incorporation of the reorganized corporation, it has been held that the reservation is no bar unless the State court challenges " the validity of rights decreed by the federal court " or attacks a " decision of the reorganization court."   (*In Re Ambassador Hotel Corporation,* 124 F. 2d 435, 436; cf. *Bakers Share Corporation* v. *London Terrace,* 130 F. 2d 157.)   The instant proceeding constitutes no such challenge or attack.   In fact it is premised upon a recognition of the validity of the rights declared by the Federal courts, and represents an effort to readjust those rights to new condi-

tions under the laws of New York State which are applicable to the debtor. (*In Re Ambassador Hotel Corporation, supra.*) In view of this body of authority and the restricted reservation set forth in the District Court's order of confirmation, there is no objection to the continuance of this proceeding under the Burchill Act (Real Property Law, §§ 119–123). As a matter relating to a Burchill Act proceeding, the motion to refer to Special Term, Part VII, is granted pursuant to the provisions of the May 3, 1943, order of the Appellate Division, First Department.