NICOLÁS VEGA SEGARRA, ET AL., Plaintiffs and Appellees, *v.* PUERTO RICO RAILROAD AND TRANSPORT COMPANY, Defendant and Appellant.

No. 11296. Argued March 1, 1955.—Decided June 18, 1956.

*José Luis Novas* for appellant's trustee. *Luis Blanco Lugo* and *Canales & Segarra* for appellees.

MR. JUSTICE SIFRE delivered the opinion of the Court.

The question presented is whether the San Juan Part of the Superior Court erred in rendering summary judgment against Puerto Rico Railroad and Transport Company, appellant herein, ordering it to pay certain pensions claimed by the appellees.

In August 1947, the United States District Court, for Puerto Rico, hereafter called the District Court, granted the petitions of the American Railroad Company of Porto Rico and the Compañía de los Ferrocarriles de Puerto Rico to reorganize themselves pursuant to Ch. X of the Bankruptcy Act, 11 U.S.C.A. § 501 *et seq.*, and appointed a trustee to take charge of the properties of the debtor corporations. Notice was given to the creditors to present their claims on or before January 8, 1948. Plaintiffs in the case at bar, ex-employees of the American Railroad Company of Porto Rico, hereafter called American Railroad, filed their claims on October 31, 1951, claiming pensions under the retirement system established by that enterprise for the benefit of its laborers. The claims were disallowed on September 16, 1953, by order of the District Court, on the ground that, since the reorganization plan had been consummated on October 27, 1951, and the final decree of that court approving the plan had gone into effect on that date, the court lacked jurisdiction to take cognizance of new claims. However, it was stated in the order that it was not deciding whether "the petitioners have or do not have valid claims enforceable by any independent action or actions against the reorganized company, Puerto Rico Railroad and Transport Company, under the contracts and the amended joint plan of reorganization mentioned in the final decree. . . ." Plaintiffs thereafter brought this action against the reorganized company.

They alleged in the complaint that American Railroad had established a pension system in the collective bargaining agreement made on November 16, 1945, with the United

Workers Union of the Railways of Puerto Rico, which was an executory contract binding on the defendant as successor of American Railroad and which it had assumed in the reorganization proceedings; that according to that agreement, plaintiffs were entitled to life pensions, payable monthly, in the amounts mentioned in the complaint, because when they were discharged from their employment in 1949, by the trustee appointed by the District Court, they had rendered continuous services to American Railroad for over 25 years and were over 50 years of age, which were the requirements established by the pension system in order to be entitled thereto, and that the pensions accrued and unpaid up to September 30, 1953, amounted to $11,233.27, which the defendant was bound to pay.

Puerto Rico Railroad and Transport Company denied all the allegations of the complaint. Plaintiffs then moved for summary judgment, alleging that "there was no genuine issue as to any material fact." Their motion was based on an opinion rendered by the District Court on March 20, 1952, in the reorganization proceedings, with respect to certain pension claims made by other ex-employees of American Railroad, and on a stipulation made on September 2, 1953, in those proceedings regarding the claims of plaintiffs herein, which were dismissed, as already stated, for lack of jurisdiction. The defendant objected to such judgment because: (A) the claims had been untimely made in those proceedings; (B) a copy of the final decree of the District Court approving the reorganization plan had not been presented; (C) it did not appear from the documents attached to the motion that the claims had been allowed by the District Court, but, on the contrary, that they had been dismissed; (D) the lower court lacked jurisdiction to render judgment, since the claims had their origin in proceedings brought "under . . . the Federal Bankruptcy Act, over which the District Court had exclusive jurisdiction."

These questions were decided against the Puerto Rico Railroad and Transport Company, the lower court having reached the following conclusions: "The following fundamental facts alleged in the complaint are duly established by the stipulation in question and the applicable decisions: that the defendant is the successor of the American Railroad Company of Porto Rico by virtue of the reorganization proceeding carried out under Ch. X of the Bankruptcy Act; the dates of commencement and termination of plaintiffs' employment with the companies which preceded the defendant; that according to those employment periods, each of the plaintiffs had rendered at the time of discharge more than 25 years of continuous service and was over 50 years of age; that the monthly pensions to which plaintiffs are entitled under the pension system in question are the following: Nicolás Vega Segarra, $88.14; José L. Más, $63.60; Juan Rodríguez Miranda, $44.77; Gabriel Suau, $40.86; that up to September 30, 1953, the sum of $11,233.27 was owing to them; that the pensions in question are life pensions; that the predecessors of the defendant established that pension system by virtue of a collective bargaining agreement made on November 16, 1945; that that pension plan is an executory contract, expressly assumed by the defendant (in the reorganization proceedings)." Consequently, the court rendered judgment ordering the defendant to pay the sum claimed by plaintiffs and to continue paying the monthly pensions pursuant to the covenant contained in the agreement in connection with the retirement system.

 Appellant challenges the judgment and assigns two errors in urging reversal. It maintains in the first assignment that the lower court erred in holding that there was proof of the absence of "a genuine controversy of fact to be decided . . . and that . . . summary judgment should be rendered . . . ." We proceed to consider this assignment. After calling our attention to certain principles concerning the interpretation of Rule 56(a) (c) of the Rules of

Civil Procedure, with which we can not disagree, appellant states that it is not bound by the stipulation of September 2, 1953, "because it was not a party thereto nor concurred therein," an assertion which rests on the fact that the other attorney who signed the stipulation together with those of the appellees did so indicating underneath his name the following: "Attorney for Trustee." Although it is perfectly true that the stipulation was signed in this fashion, we can not agree with appellant. The context of the former and other circumstances revealed by the record lead us to conclude that appellant was in fact bound by the stipulation. It was stated therein, in terms which leave no room for doubt, that both the trustee and the reorganized company, Puerto Rico Railroad and Transport Company, maintained that appellees' claims were invalid, it being evident that this assertion was not made by the trustee alone, who after all had no real interest in the success of the claims, since he had been relieved from office and the trusteeship had come to an end, as it appears from the stipulation itself, but also by the reorganized company, the party actually interested in appellees' non-success, for otherwise it would have been bound to pay the pensions; and we can not presume that the attorney who signed the stipulation was speaking for the enterprise in question without authority to do so. This conclusion is strengthened by the position taken by Puerto Rico Railroad and Transport Company in objecting, through the same attorney who signed that document, to the summary judgment. The reasons then adduced for objecting to the same show that it admitted that it was bound by the terms of the stipulation, and that it was on this assumption that it stated the reasons which in its opinion barred the granting of the relief sought by appellees.

If the question raised by appellant for the first time on appeal were given merit, in view of the surrounding circumstances, we would establish a precedent obviously injurious to the success of the summary judgment proceed-

ing. The stipulation reveals, as already stated, that the assertion made therein to the effect that the claims were invalid was made by the trustee as well as by the reorganized company. The latter knew that the appellees relied on the agreement made in the stipulation as a ground for their motion for summary judgment, and that they alleged that it had been signed "by the parties in this proceeding and filed in the Federal Court. . . ." Those circumstances were by themselves sufficient for the Puerto Rico Railroad and Transport Company, in the belief that it was not bound by the stipulation to present evidence that it had not "concurred therein," as it untimely alleges now. It did nothing of the kind, and the lower court correctly took for granted that there was no question that appellant was bound by the admissions made in that document.

Another argument advanced by Puerto Rico Railroad and Transport Company to challenge the judgment is that the appellees did not establish that the collective bargaining agreement establishing the pension system was in force when that company, "by virtue of the final decree entered on June 15, 1950, assumed the executory contracts made by the trustee and the debtor corporations when the reorganization plan was consummated on October 27, 1951." That the collective bargaining agreement in question was in force when appellant contracted the obligation to comply with those contracts is a fact which was duly established by the documents attached to the motion for summary judgment. One of them was, as has been seen, the stipulation made on September 2, 1953, in the reorganization proceedings—approximately two years after the final decree went into effect—in connection with the claim made therein by the appellees for the recovery of the same pensions which are the object of the controversy in this litigation. In that stipulation the reorganized company, Puerto Rico Railroad and Transport Company, admitted that the collective bargaining agreement was in force,

although it maintained—for reasons none of which challenged the fact of the effectiveness of the agreement—that the claim should not prosper because it was invalid, admitting, however, that if it were valid the appellees "must be considered, as to their age and years of service, qualified and entitled" to pensions, payable monthly, since 1949, when the appellees were discharged by the trustee, a right which undoubtedly was recognized under the terms of the collective bargaining agreement which bound American Railroad to maintain the retirement system.[1]

According to the opinion of the District Court of March 20, 1952, the collective bargaining agreement was never rejected by the court, nor by the reorganization plan of which the pertinent part is transcribed in the opinion, according to its own terms. By virtue of the final decree, appellant was bound to assume all executory contracts, among which was the collective bargaining agreement. Under Ch. X of the Bankruptcy Act, contracts of that nature may be rejected by the court taking cognizance of the reorganization proceedings, § 116 (1) of that Act, or by the reorganization plan, § 216 (4). As has been seen, neither one thing nor the other occurred in the reorganization proceeding of the debtor corporations.

The Puerto Rico Railroad and Transport Company maintains that the appellees did not present the final decree or

---

[1] The following is part of the contents of the stipulation of September 2, 1953:

"Under date of October 31, 1951, the petitioners filed their claim in these proceedings to obtain payment of a pension to which they allege they are entitled under the retirement plan provided by the Collective Bargaining Agreement between the debtor American Railroad Company and its employees, which provides as follows:

" '. . . The Company will maintain a system of retirement with pension for all its employees who entered its service at the age of forty-five or less, in the following form and under the following conditions: IT BEING UNDERSTOOD, that any employee who shall have complied with the requirements for retirement with a pension, may continue to work for the Company should he so elect and the Company deem it convenient:

the collective bargaining agreement when they moved for judgment, and that if they had done so "it would have appeared that the . . . agreement had expired as of October 31, 1947, and that therefore it was not one of the contracts . . . assumed" by it, inviting our attention in its brief to Clause IX of the agreement in which it was agreed that this clause would be in force up to the date indicated by appellant. This lends no support to its contention, since according to that clause it was also agreed that either of the parties could request the review of the entire agreement not later than September 1, 1947, and that the latter would continue in force during negotiations or until another agreement was made. In view of the disclosures of the documents attached to appellees' motion, we find no merit in the contention that the collective bargaining agreement expired before the effective date of the final decree and of the consummation of the reorganization plan. The contents of those documents were not controverted by appellant, which did not make the least effort to detract from the facts established therein. Where a party presents affidavits or other

---

" '1.—All employees of any category who, having been in the service of the Company for not less than twenty (20) consecutive years attain the age of 65.

" '2.—All employees of any category who may have been in the service of the Company for a period of twenty-five (25) consecutive years and whose age be fifty (50) years or more.

" '3.—All employees of any category who having been in the service of the Company for not less than twenty (20) consecutive years or more are found to be physically incapacitated to continue working by reason of illness, upon presenting a medical certificate based on a complete physical examination and he shall continue to enjoy said retirement with pension for the duration of said incapacity.

" 'Retired employees, after such retirement, shall receive, as a pension, 1 per cent of the average of their monthly pay received during the ten years preceding their retirement multiplied by the number of years of continuous service in the company; but the sum resulting from this computation shall never be less than $15 monthly, nor shall it exceed 40 per cent of the salary said employee was drawing on the date of his retirement.' [These are the provisions of the collective bargaining agreement which are copied in the complaint.]

admissible documents in support of a motion for summary judgment which, if believed, would warrant the entering of judgment, the other party should at least offer evidence which will change the result, *Radio City Music Hall Corp.* v. *United States*, 135 F. 2d 715; *Gifford* v. *Travelers Protective Ass'n*, 153 F. 2d 209; and if it fails to do so, the only alternative for the court is to render judgment, a rule which, far from being at variance with the rule laid down in *Sánchez* v. *De Choudens*, 76 P.R.R. 1, is in complete accord with it, of which it undoubtedly is a necessary sequel.[2]

Appellant maintains that "as respects pensions, the only obligation which it expressly assumed . . . was the obligation to assume any final judgment that may be entered by the United States Court of Appeals for the First Circuit, or by the Supreme Court of the United States," as the case may be, pursuant to the appeal taken by other ex-employees

---

"That if the claim of the petitioners constitutes a valid claim each and every one of the petitioners must be considered as to their age and years of service, qualified and entitled to a pension as follows:

| Name | Monthly Pension | Due from |
| --- | --- | --- |
| Nicolás Vega Segarra | $88.14 | Nov. 18, 1949 |
| José Luis Más | 63.60 | Nov. 14, 1949 |
| Juan Rodríguez Miranda | 44.77 | Nov. 12, 1949 |
| Gabriel Suau | 40.86 | Dec. 27, 1949 |

[The same amounts claimed in the complaint.]

"The Trustee and the reorganized company contend that the claim of the petitioners is not a valid claim because it was filed late; and because, since the final decree makes no provision for the payment thereof, it has been discharged under the terms of the same Final Decree. Also that under the terms of the said Final Decree he has been discharged, his trusteeship terminated and the debtor estate closed."

[2] In *Sánchez* v. *De Choudens, supra*, we held that "where summary judgment supported by affidavits or documents admissible in evidence is sought, and the opposite party does nothing and takes no action to defeat that motion, the latter should be granted provided the affidavits or other papers filed show that there is no genuine issue whatever on any material fact."

of American Railroad from the judgment of the District Court disallowing their pension claims. In the final decree of June 15, 1950, it was provided, in connection with the judgment that might be rendered on the said appeal, that "the reorganized company shall also assume any final judgment that may be entered by the United States Court of Appeals for the First Circuit, or by the Supreme Court of the United States, as the case may be, pursuant to the appeal which has now been taken from the judgment of this Court in the matter of certain pension claimants whose claims were disallowed by this Court. . . ." That was not, however, the only obligation assumed by the Puerto Rico Railroad and Transport Co. with respect to the payment of pensions under the retirement system established in the collective bargaining agreement. Under the terms of the reorganization plan as well as under the provisions of the final decree, it also assumed the obligation to comply with all executory contracts, among which, as already stated, was the collective bargaining agreement. It is evident, therefore, that appellant's contention that the only obligation which it assumed in connection with the payment of pensions was the "obligation to assume any final judgment" that may be entered "in connection with the appeal taken by certain railroad ex-employees . . . ,"[3] is without merit.

---

[3] Daniel Vallejo and other American Railroad ex-employees filed the claims in question which were disallowed in the first instance by the District Court. The United States Court of Appeals for the first Circuit reversed in *Vallejo et al.* v. *American R. Co. of Porto Rico,* 188 F. 2d 513, holding that the retirement system was compulsory for American Railroad, and that all the employees covered by that system were entitled to pension after satisfying the requirements as to age and service. It was the judgment which might be rendered in that appeal to which reference was made in that part of the final decree on which appellant's contention was grounded. Upon receipt of the mandate of the Court of Appeals, the District Court proceeded to render opinion on March 20, 1952. In that opinion it allowed the claims of those ex-employees and rendered judgment ordering the Puerto Rico Railroad and Transport Company to pay the pensions claimed by them. That judgment was affirmed in *American Railroad Company of Porto Rico et al.* v. *Daniel Vallejo et al.,*

Puerto Rico Railroad and Transport Company contends that if the collective bargaining agreement had been in force when the reorganization plan was consummated on October 27, 1951, it would not be bound to pay pensions to the appellees, since from the time they were discharged in 1949, "their right to pension under the agreement . . . . became a debt [of the trustee], since they had attained 50 years of age and had been in the service of the company [American Railroad] for a period of 25 consecutive years." Its contention is that if the agreement had not expired in 1947, its only obligation would be to pay pensions to those employees of the appellant who satisfied the requirements as to age and service under the covenants dealing with the retirement system. We can not agree with this contention. When the appellees were discharged by the trustee, they had already satisfied the requirements as to age and service of the retirement system in order to be entitled to pensions, a fact which is proved by the covenants made in the stipulation of September 2, 1952. From that date each of them acquired the right to a *life* pension, *Vallejo et al.* v. *American R. Co. of Porto*

202 F. 2d 149. The opinion of March 20, 1952, in its pertinent part reads as follows:

"This case is now before the Court on the mandate of the Court of Appeals for the First Circuit involving an appeal of certain claimants from a judgment of this Court disallowing appellant's claims for pensions from the American Railroad Company of Porto Rico. The Trustee contends that judgment should be entered only for pensions due as of June 15, 1950, the date of the final decree. The claimants contend that they are entitled to life pensions, payable monthly, in amounts stipulated by the parties.

"The collective bargaining agreements obligating the Company to maintain a retirement system and which apply to the claimants, *Vallejo et al.* v. *American Railroad Company of Porto Rico et al.*, 188 F. 2d 513 (C.A.I., April 26, 1951), *was an executory contract, never rejected by the Court* (sec. 116(1)), Chapter X, Bankruptcy Act, *nor by the reorganization plan itself* (§ 216(4)).

"The Plan of Reorganization states as follows: 'Unless specifically disaffirmed or rejected by the District Court of Puerto Rico, the reorganized Company will assume all executory contracts heretofore entered into by the Trustee, or by the debtor corporation.' The Final Decree provides that 'The Puerto Rico Railroad & Transport Company shall then be considered to be the reorganized company under the

*Rico, supra,* payable monthly, as stated in the stipulation. With respect to the appellees, the obligation imposed by the collective bargaining agreement was to pay them a pension for life, and that obligation continued to exist regardless of the termination of the reorganization proceedings, and it was precisely the obligation contracted by the Puerto Rico Railroad and Transport Company when it assumed the agreement, binding itself to comply with all the executory contracts made by the trustee or by American Railroad. The right of the appellees did not become a debt of the trustee as erroneously maintained by the Puerto Rico Railroad and Transport Company, nor did it die with the final decree of June 15, 1950, as it also asserts. This was the holding of the District Court in its opinion of March 20, 1952, rendered in connection with the pension claims made

---

Amended Joint Plan of Reorganization confirmed herein and said company shall then and there assume all executory contracts heretofore entered into by the Trustee or by the debtor corporations. The reorganized company shall also assume any final judgment that may be entered by the United States Circuit Court of Appeals for the First Circuit, or by the Supreme Court of the United States, as the case may be, pursuant to the appeal which has now been taken from the judgment of this Court in the matter of certain pension claimants whose claims were disallowed by this Court.'

"In the light of the foregoing provisions of the final decree, the Court cannot agree with the contention that the rights of these claimants died with the decree of June 15, 1950. Nor can the Court hold that claimants' pensions made their exit with the American Railroad Company of Porto Rico. It is true that the termination of the affairs of the said company was complete and its Trustee as such no longer controls either its assets or the operations of the Company. But its successor company, the Puerto Rico Railroad and Transport Company, has assumed the obligations involved in the final judgment in this case. And those obligations are not simply for pensions until June 15, 1950, the date of the final decree, but rather are obligations to pay pensions for life in the amounts stipulated.

"The Court of Appeals has held that claimants were covered by the pension plan, and that it was obligatory; it was not rejected, either by the Court or by the plan; and, as an executory contract, it was specifically assumed by the reorganized company. Claimant's petitions are therefore granted and judgment will be entered against

by Daniel Vallejo and other American Railroad ex-employees, which opinion was accepted in full by the United States Court of Appeals for the First Circuit in affirming the same in *American Railroad Company of Porto Rico et al.* v. *Daniel Vallejo et al., supra*.

The Puerto Rico Railroad and Transport Company also attacks the judgment on the ground that, "since the Federal Court reserved jurisdiction to enforce the terms of its final decree . . . ," the lower court lacked "jurisdiction to entertain the claim the object of this action." In our opinion, that court had authority and power to take cognizance of this litigation. The District Court did not recognize the scope attributed by appellant to the reservation it mentions. In its order of September 16, 1953, it correctly decided that as of October 27, 1953, when the reorganization plan was consummated, the court lost jurisdiction to entertain new claims, *Continental Bank & Trust Co.* v. *Presbyterian Church*, 57 N.Y.S. 2d 128; *Clinton Trust Co.* v. *John H. Elliot Leather Co.*, 132 F. 2d 299; *In re Sherland Bldg. Corporation*, 29 F. Supp. 985; *In re Corona Radio & Television Corporation*, 102 F. 2d 959, wherefore it could not consider the claims made thereafter by the appellees, although without deciding, as already stated, whether they had or did not have valid claims "enforceable by any independent action or actions against the reorganized company Puerto Rico Railroad and Transport Company. . . ."[4]

We need not discuss the second assignment charging that the trial court erred in ordering appellant to pay the sums claimed in the complaint.

---

the successor company, the Puerto Rico Railroad and Transport Company. . . ."

[4] For the reasons stated by the lower court, the fact that the appellees filed their claims in the District Court after the expiration of the term allowed by the latter for the presentation of claims, a question which appellant raised in the lower court but has not pressed in this Court, is unimportant.

Convinced as we are that the lower court did not err in concluding that in the case at bar there is no genuine controversy of fact to be tried in a plenary suit, and that it did not err in deciding adversely to appellant the questions of law it raised, the judgment will be affirmed.

Mr. Chief Justice Snyder did not participate herein.